IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2011 JUN 22 PM 2:44

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| SHIRLEY MUHLEISEN, INDIVIDUALLY AND ON BEHALF OF THE MINOR CHILD, DEVON MUHLEISEN<br>Plaintiffs,<br><br>versus<br><br>RECEIVABLE RECOVERY SERVICES, LLC<br>Defendant. | CIVIL ACTION NO: **11-1475**<br><br>DEFENDANTS' NOTICE OF REMOVAL<br><br>[REMOVED FROM THE 24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON, STATE OF LOUISIANA, DIVISION "B", CASE NO. 702-320] |

SECT. C  MAG. 3

### NOTICE OF REMOVAL

**COMES NOW**, Defendant Receivable Recovery Services, LLC, by counsel, and files this Notice of Removal, pursuant to 28 U.S.C. § 1441, *et. seq.*, from a suit originally filed in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana,, case number: 702-320, in a case styled [state court style] to the United States District Court for the Eastern District of Louisiana.

#### A. Background and Facts

1.  On or about June 13, 2011, Plaintiff [identified per state court style] (the "**Plaintiffs**") filed a Complaint (the "**Complaint**") against Receivable Recovery Services, LLC (the "**Defendant**"), in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, case number: 702-320, (the "**State Court Suit**"). A true and correct copy of Plaintiff's Complaint in the State Court Suit is attached and incorporated hereto as **Exhibit "A"**.

___Fee 350
___Process___
_X_Dktd___
___CtRmDep___
___Doc. No.___

2. Defendant Receivables Recoveries Services, LLC received a copy of the summons and complaint on or about June 15, 2011. Accordingly, Receivables Recovery Services, LLC, files this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b).

### B. Basis for Removal

### Federal Question

3. This cause is removable based on federal question jurisdiction. The federal Fair Debt Collection Practices Act, 15 U.S.C. §1692a et seq., (the "FDCPA") confers jurisdiction upon district courts over claims made pursuant to the Act "regardless of the amount in controversy," if the claim is brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). the petition alleges the existence of a FDCPA claim based on circumstances occurring less than a year before the petition was filed on or about June 3, 2011:

> Plaintiff sent two certified letters (on behalf of plaintiff's Ochsner Medical Center account and another on behalf of the Ochsner Medical Center account of plaintiff's minor child) to defendant on or about December 17, 2010, disputing the alleged debt and requiring that they cease all communication with plaintiff pursuant to the Fair Debt Collection Practices Act (15 U.S.C.A 1692), which including calling her constantly and misrepresenting the size of the alleged debt.

Petition ¶ 9.

Additionally, see final unnumbered paragraph at page 1 of Plaintiff's Affidavit, which reads:

> Plaintiff sent two certified letters (on behalf of plaintiff's Ochsner Medical Center account and another on behalf of the Ochsner medical Center account of plaintiff's minor child) to defendant on or about December 17, 2010, disputing the alleged debt and requiring that they cease all communication with plaintiff pursuant to the Fair Debt Collection Practices Act (15 USCA 1692), which including calling her constantly and misrepresenting the size of the alleged debt.

Affidavit,. page 1.

Therefore, this Court has jurisdiction pursuant to 28 U.S.C. §1441(b) because Plaintiff has asserted claims arising under the laws of the United States. Plaintiff has also asserted state law claims over which this Court has supplemental jurisdiction under 28 U.S.C. § 1367. See Petition, ¶¶'s 13, 14 and 16.

4. Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action has been pending.

5. Receivable Recovery Services, LLC, will file promptly a copy of this notice of removal with the clerk of the state court where the action has been pending.

**WHEREFORE**, Defendant, Receivables Recovery Services, LLC,, by counsel, Watkins Ludlam Winter & Stennis, gives notice that the State Court Suit, styled Shirley Muhleisen, Individually and on Behalf of the Minor Child, Devon Muhleisen, versus Receivable Recovery Services, LLC, Case: 702-320-Div. "B", P1 Shirley Muhleisen, is hereby removed from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, and Defendant Receivable Recovery Services, LLC, prays for such other and further relief which this Court deems necessary, just and proper.

Respectfully submitted this the 21 day of June, 2011.

    Respectfully submitted,

    **CREDITORS FINANCIAL GROUP**

    By Its Attorneys

    WATKINS LUDLAM WINTER & STENNIS, P.A.

    By: *Steven R. Cupp* /s/
        Steven R. Cupp

3953251.1/81000.00000

Steven R. Cupp (LA Bar No. 21413)
WATKINS LUDLAM WINTER & STENNIS, PA
2510 14th Street, Suite 1125 (39501)
P.O. Box 160 (39502-0160)
Gulfport, MS 39502
Telephone: 228-864-3094
Facsimile: 228-864-0516
Email: scupp@watkinsludlam.com

William V. Westbrook (MS Bar No. 7119)
WATKINS LUDLAM WINTER & STENNIS, PA
2510 14th Street, Suite 1125 (39501)
P.O. Box 160 (39502-0160)
Gulfport, MS 39502
Telephone: 228-864-3094
Facsimile: 228-864-0516
Email: wwestbrook@watkinsludlam.com

3953251.1/81000.00000

## CERTIFICATE OF SERVICE

I, Steven R. Cupp, do hereby certify I filed this Notice of Removal via the Court's ECF filing system which sent notice to all registered users and that I sent a copy of the foregoing to all parties not registered for ECF service via U.S. Mail, postage prepaid, and properly addressed.

                                Shirley Muhleisen
                                Plaintiff Pro Se
                                5121 Lee Place
                                Marrero, LA  70072

This, the 21st day of June, 2010.

                                _____
                                STEVEN R. CUPP