# DIV. B

### JUDGE
### CORNELIUS E. REGAN

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO: 702·320          DIVISION " "          SECTION

SHIRLEY MUHLIESEN, INDIVIDUALLY AND ON BEHALF OF THE
MINOR CHILD, DEVON MUHLIESEN

VERSUS

RECEIVABLE RECOVERY SERVICES, LLC

FILED:_____          _____
                                  DEPUTY CLERK

PETITION FOR PRELIMINARY INJUNCTION

NOW INTO COURT, through undersigned counsel, plaintiff, SHIRLEY MUHLIESEN,

INDIVIDUALLY AND ON BEHALF OF THE MINOR CHILD, DEVON MUHLIESEN,

(hereinafter "plaintiff"),who respectfully requests that the Court issue a preliminary injunction,

directed at defendant, RECEIVABLE RECOVERY SERVICES, LLC (hereinafter "defendant")

preventing both defendant and defendant's agents from contacting plaintiff and from any further

collections activity, including selling this debt to any other collections agency, in order to violate a

Court Order:

1. Plaintiff is a person of the full age of majority and domiciled in the Parish of Jefferson, State of

Louisiana, who is also filing suit on behalf of her minor child, who has in interest in this litigation.

2. Defendant, is a domestic limited liability company domiciled in Jefferson Parish, Louisiana,

authorized to do and doing business in Louisiana.

3. Venue is proper in this District Court of general jurisdiction because this suit to enjoin wrongful

conduct is being brought in the parish where wrongful conduct has occurred and may occur.

*Louisiana Code of Civil Procedure Article 74.*

4. Defendant falsely represented the amount of any debt allegedly owed, in that the original creditor

(Ochsner Medical Center, who maintains records in the regular course of business) has

acknowledged in writing that the amount of the debt Ochsner Medical Center alleges for plaintiff

and for her minor child is far less than the amount that defendant has repeatedly demanded despite

having been provided copies of the original creditor's correspondence to plaintiff.  Falsely

representing the amount of a debt allegedly owed is a violation of the Fair Debt Collection Practices

Act (15 USCA 1692).

IMAGED JUN - 6 2011

5.  Whenever plaintiff has made payments for medical bills, defendant has not properly credited them, and has perhaps applied them as a commission.  Nevertheless, all payments of multiple debts (such as payments on more than one account) must be credited to the debt to which the consumer instructs it to be credited.  Collecting an amount not authorized is an unfair trade practice.  Plaintiff has consistently disputed the accuracy of this debt from the very beginning.  Even plaintiff had not disputed this debt, it could still not be construed by any court as an admission of liability.

6.  Defendant has repeatedly called plaintiff, in spite of knowing that she was represented by an attorney at the time; in spite of knowing that she is refusing to pay this debt pending its resolution with the three credit bureaus (in which case she would pay it only to the original creditor and in the correct amount only); and in spite of defendant knowing that they may only send one more notice that further collection efforts will not be made and that the debt collector will seek other specific remedies.  Plaintiff's health is poor, and she requests to be left in peace from constant phone calls from defendant's callers, who have had no idea that she has already disputed the debt with defendant and the three credit bureaus.

7.  Defendant has demanded an amount of plaintiff for the account in her name that is almost exactly five times the amount Ochsner Medical Center has alleged entitlement ($4,192.00, while the original creditor has stated in writing that the total account balance is $838.56).

8.  Defendant has demanded an amount of plaintiff for the account in her minor child's name that is almost three times the amount Ochsner - Jefferson Highway Hospital has alleged entitlement ($1,347.46, with an original balance of $849.41, reduced after a $350.00 payment to $499.41)

9.  Plaintiff sent two certified letters (on behalf of plaintiff's Ochsner Medical Center account and another on behalf of the Ochsner Medical Center account of plaintiff's minor child) to defendant on or about December 17, 2010, disputing the alleged debt and requiring that they cease all communication with plaintiff pursuant to the *Fair Debt Collection Practices Act* (15 USCA 1692), which including calling her constantly and misrepresenting the size of the alleged debt.

10.  Plaintiff reserves the right to bring an ordinary action for damages against defendant.

11.  Plaintiff is filing this pleading because defendant refuses to make this situation right by finally acknowledging that the size of the debt demanded is illegal and fraudulent, and that collections efforts amount to extortion.  When defendant calls plaintiff, defendant's agent only want to know how much she is sending them, and they are unconcerned with the facts of how much the original creditor alleges is owed.

IMAGED JUN - 6 2011

702320

12.  Plaintiff prays that this Court issue a preliminary injunction, preventing defendant from proceeding with any further collections activity, including selling this debt to any other collections agency, in order to violate a Court Order.

13.  An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law. *La.C.C.P. Art. 3601.*

14.  A preliminary injunction shall not issue unless notice is given to the adverse party and an opportunity had for a hearing.  An application for a preliminary injunction shall be assigned for hearing not less than two nor more than ten days after service of the notice. *La. C.C.P. Art. 3602.*

15.  Plaintiff requests service of citation on all named defendants.

16  Plaintiff, pursuant to L.C.C.P. Article 1572, asks this Court for written notice ten (10) days in advance of the date fixed for the Trial or hearing of any Exception, Motion, Rule or Trial on the Merits, in the captioned proceeding, pursuant to L.C.C.P. Articles 1913 and 1914; request immediate notice of all Interlocutory and Final Orders and Judgments or Exceptions, Motions, Rules, or the Trial on the Merits in the captioned proceeding.

WHEREFORE, plaintiff, SHIRLEY MUHLIESEN, INDIVIDUALLY AND ON BEHALF OF THE MINOR CHILD, DEVON MUHLIESEN, respectfully requests that the Court issue a preliminary injunction, directed at defendant, RECEIVABLE RECOVERY SERVICES LLC, and preventing both defendant and defendant's agents from contacting plaintiff, and from any further collections activity, including selling this debt to any other collections agency, in order to violate a Court Order, and for all general and equitable relief.

Respectfully submitted,

*Shirl Muhliesen*

SHIRLEY MUHLIESEN
Plaintiff Pro Se
5121 Lee Place
Marrero, LA 70072
Telephone: (504) 638-6883

A TRUE COPY OF THE ORIGINAL
ON FILE IN THE OFFICE OF

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA.

702320

IMAGED JUN - 6 2011



(105) Citation With Rule To Show Cause: ISS RULE (CITATION W/RULE TO SHOW CAUSE)/PETITION FOR PRELIMINARY INJUNCTION; AFFIDVT          110614-1044-2

### 24TH JUDICIAL DISTRICT COURT
### PARISH OF JEFFERSON
### STATE OF LOUISIANA

SHIRLEY MUHLIESES, INDIVIDUALLY AND ON BEHALF
OF THE MINOR CHILD, DEVON MUHLIESEN                    Case: 702-320    Div: "B"
          versus                                       P 1 SHIRLEY MUHLIESES
RECEIVABLE RECOVERY SERVICES, LLC

To: RECEIVABLE RECOVERY SERVICES LLC
110 VETERANS BLVD
STE 445
METAIRIE, LA 70005

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within FIFTEEN CALENDAR days after the service hereof, under penalty of default.

You are further ordered to show cause on the 24th day of June, 2011 at 9:00 A.M. (as per attached order):

This service was requested by attorney SHIRLEY MUHLIESES and was issued by the Clerk Of Court on the 14th day of June, 2011.

Kim B Garland, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk Of Court

_____SERVICE INFORMATION_____

(105) Citation With Rule To Show Cause: ISS RULE (CITATION W/RULE TO SHOW CAUSE)/PETITION FOR PRELIMINARY INJUNCTION; AFFIDVT          110614-1044-2

Received:_____    Served:_____    Returned:_____

Service was made:
___ Personal        ___ Domiciliary _____

Unable to serve:
     ___ Not at this address    ___ Numerous attempts _____ times
     ___ Vacant                 ___ Received too late to serve
     ___ Moved                  ___ No longer works at this address
     ___ No such address        ___ Need apartment / building number
     ___ Other _____

Service: $_____    Mileage: $_____    Total: $_____

Completed by:_____ #_____
                    Deputy Sheriff
Parish of: _____

PLEASE RUSH

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO: _702.320_          DIVISION "_B_"          SECTION

SHIRLEY MUHLIESEN, INDIVIDUALLY AND ON BEHALF OF THE
MINOR CHILD, DEVON MUHLIESEN

VERSUS

RECEIVABLE RECOVERY SERVICES, LLC

FILED: _____          _____
                                                        DEPUTY CLERK

ORDER

THE ABOVE PETITION CONSIDERED:

IT IS ORDERED, ADJUDGED AND DECREED that defendant, RECEIVABLE

RECOVERY SERVICES, LLC, appear and show cause on the _24th_ day of _June_, 2011,

at _9_ a.m. and why a preliminary injunction should not issue in favor of plaintiff, SHIRLEY

MUHLIESEN, INDIVIDUALLY AND ON BEHALF OF THE MINOR CHILD, DEVON

MUSHLIESEN, directed at defendant, RECEIVABLE RECOVERY SERVICES, LLC, and

preventing both defendant and defendant's agents from contacting plaintiff, and from any further

collections activity, including selling this debt to any other collections agency, in order to violate a

Court Order, and for all general and equitable relief.

Signed in Gretna, Louisiana, on this _13th_ day of _June_, 2011.

_Cornelius E. Regan_
JUDGE                    CODED

PLEASE SERVE:

RECEIVABLE RECOVERY SERVICES, LLC
Through Their Registered Agent For Service Of Process:
Raymond Ladouceur
4330 Dumaine Street
New Orleans, LA 70119
Or, in the event that defendant cannot be served at the above address, please issue service on:
110 Veterans Blvd., Suite 445
Metairie, LA 70005

IMAGED JUN - 6 2011

702320

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO: 702 300                DIVISION " "                SECTION

SHIRLEY MUHLIESEN, INDIVIDUALLY AND ON BEHALF OF THE
MINOR CHILD, DEVON MUHLIESEN

VERSUS

RECEIVABLE RECOVERY SERVICES, LLC

FILED: _____        _____
                                        DEPUTY CLERK

**AFFIDAVIT**

STATE OF LOUISIANA
PARISH OF _____

BEFORE ME, the undersigned authority, personally came and appeared Shirley Muhliesen, (hereinafter "plaintiff"), who being duly sworn, deposed:

Defendant falsely represented the amount of any debt allegedly owed, in that the original creditor (Ochsner Medical Center, who maintains records in the regular course of business) has acknowledged in writing that the amount of the debt Ochsner Medical Center alleges for plaintiff and for her minor child is far less than the amount that defendant has repeatedly demanded despite having been provided copies of the original creditor's correspondence to plaintiff. Falsely representing the amount of a debt allegedly owed is a violation of the Fair Debt Collection Practices Act (15 USCA 1692).

Whenever plaintiff has made payments for medical bills, defendant has not properly credited them, and has perhaps applied them as a commission. Nevertheless, all payments of multiple debts (such as payments on more than one account) must be credited to the debt to which the consumer instructs it to be credited. Collecting an amount not authorized is an unfair trade practice. Plaintiff has consistently disputed the accuracy of this debt from the very beginning. Even plaintiff had not disputed this debt, it could still not be construed by any court as an admission of liability.

Defendant has repeatedly called plaintiff, in spite of knowing that she was represented by an attorney at the time; in spite of knowing that she is refusing to pay this debt pending its resolution with the three credit bureaus (in which case she would pay it only to the original creditor and in the correct amount only); and in spite of defendant knowing that they may only send one more notice that further collection efforts will not be made and that the debt collector will seek other specific remedies. Plaintiff's health is poor, and she requests to be left in peace from constant phone calls from defendant's callers, who have had no idea that she has already disputed the debt with defendant and the three credit bureaus.

Defendant has demanded an amount of plaintiff for the account in her name that is almost exactly five times the amount Ochsner Medical Center has alleged entitlement ($4,192.00, while the original creditor has stated in writing that the total account balance is $838.56).

Defendant has demanded an amount of plaintiff for the account in her minor child's name that is almost three times the amount Ochsner - Jefferson Highway Hospital has alleged entitlement ($1,347.46, with an original balance of $849.41, reduced after a $350.00 payment to $499.41)

Plaintiff sent two certified letters (on behalf of plaintiff's Ochsner Medical Center account and another on behalf of the Ochsner Medical Center account of plaintiff's minor child) to defendant on or about December 17, 2010, disputing the alleged debt and requiring that they cease all communication with plaintiff pursuant to the *Fair Debt Collection Practices Act* (15 USCA 1692), which including calling her constantly and misrepresenting the size of the alleged debt.

IMAGED JUN - 6 2011                                        702320

Plaintiff is filing this petition because defendants refuse to make this situation right by ending or modifying collections activity.

The above is based on my personal knowledge, information and belief, and upon the review of my records. I have read over the above Petition in full, and is true to the best of our knowledge, information and belief.

_____
SHIRLEY MUHLIESEN

SWORN TO AND SUBSCRIBED before me on the 4th day of May, 2011.

_____
NOTARY PUBLIC
MARK SEGHERS
#33364

IMAGED JUN ~ 6 2011

702320