UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHIRLEY MUHLIESEN, INDIVIDUALLY AND ON BEHALF OF THE MINOR CHILD, DEVON MUHLIESEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-1475** |
| **RECEIVABLE RECOVERY SERVICES, LLC** | **SECTION "C" (3)** |

### ORDER

Before the Court are four Motions: Defendant's Motion to Strike Plaintiff's Affidavit in Opposition to Motion to Dismiss or for Summary Judgment in Defendant's Favor (Rec. Doc. 23); Defendant's Motion to Strike Plaintiff's Affidavit Regarding Unwarranted Payments (Rec. Doc. 27); Defendant's Motion to Dismiss or for Summary Judgment (Rec.. Doc. 11); and Plaintiff's Motion for Extension of Time to File Pre-Trial (Rec. Doc. 32). Having reviewed the record, the memoranda of Defendant's counsel and pro se Plaintiff, and the law, the Court DENIES the Motion to Strike Plaintiff's Affidavit in Opposition to Motion to Dismiss or for Summary Judgment in Defendant's Favor, PARTIALLY GRANTS AND PARTIALLY DENIES the Motion to Strike Plaintiff's Affidavit Regarding Unwarranted Payments, GRANTS the Motion to Dismiss or for Summary Judgment subject to requirements set forth below, CONTINUES trial, and DISMISSES AS MOOT Plaintiff's Motion for Extension of Time to File Pre-Trial Order for the following reasons.

Plaintiff sued Defendant Receivable Recovery Services, LLC ("RRS") in the 34th Judicial District Court of Jefferson Parish in June 2011 requesting a preliminary injunction preventing Defendant and its agents "from contacting plaintiff and from any further activity, including selling this debt to any other collections agency," on the ground that such activity violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a ("FDCPA") and the Louisiana Unfair Trade Practices Act, LA R.S. 51:1401, *et seq.* ("LUPTA").  (Rec. Doc. 1-1 at ¶¶ 4, 5, and 9).  The case was removed on June 22, 2011 to this Court.  (Rec. Doc. 1).

According to an affidavit by Ochsner Medical Services, Plaintiff formerly owed two sets of debts to Ochsner Medical Services. (Rec. Doc. 11-1).  One comprised hospital bills at a hospital that has since been acquired by Ochsner Medical Services.  Ochsner mistakenly failed to submit these bills to Plaintiff's federal workers compensation carrier.  The second debt is a single bill for treatment Plaintiff's son Devon Muhliesen.  The two groups of debt were assigned to Defendant for collection.  Plaintiff alleged in her complaint that the amounts RSS was attempting to collect was "five times" more than what she owed for the first set of debt and "three times" more what she owed for the second debt. (Rec. Doc. 1-1 at ¶¶ 7, 8).  She alleged that these misrepresentations and RSS's action in "calling her constantly" to collect these amounts violated the FDCPA and LUPTA.  (Rec. Doc. 1-1 at ¶ 9).   Plaintiff has since withdrawn her LUPTA claim.  (Rec. Doc. 19 at 1).

**I. Defendants' Motion to Strike Plaintiff's Affidavit in Opposition to Motion to Dismiss or for Summary Judgment in Defendant's Favor and Motion to Strike Plaintiff's Affidavit Regarding Unwarranted Payments (Rec. Docs. 23, 27).**

Defendant asks this Court to strike Plaintiff's Affidavit attached to her Opposition to Defendant's Motion to Dismiss or for Summary Judgment on the ground that an affidavit containing only vague, conclusory, inadmissible hearsay, and immaterial statements may not be used to defeat

a motion for summary judgment. Here, the affidavit is relevant not for defeating Defendants' Motion to Dismiss or for Summary Judgment, but rather because it is evidence showing cause pursuant to Rule 16(b)(4) that the deadline in this Court's Scheduling Order for Plaintiff to file a Motion to amend her complaint should be extended, as is explained in further detail in the following section. The affidavit was notorized. (Rec. Doc. 19-2 at 12). Accordingly, the Court denies Defendant's Motion to strike that affidavit. (Rec. Doc. 23). Defendant argues that the Affidavit Regarding Unwarranted Payments was not notorized. (Rec. Doc. 27 at 2). The document contains no indication that it was notorized or that it meets the requirements of an affidavit or a declaration under penalty of perjury. (Rec. Doc. 24). Accordingly, Defendant's Motion to strike is granted in that the Court does not consider it an "affidavit." (Rec. Doc. 27). However, the Motion is denied in that the document will not be stricken from the record. Instead, the Court will consider the document as a supplemental memorandum rather than an affidavit.

**II. Plaintiff's Amended Complaint for Damages**

Plaintiff did not file a Motion to amend her complaint in this Court. Instead, she filed an amended petition in the 24th Judicial District Court for the Parish of Jefferson on July 11, 2011. (Rec. Doc. 19-2 at 17). The addresses for Receivable Recovery Services, LLC, through Raymond Ladouceur, to which the amended petition were to be served were (1) 110 Veterans Boulevard, Suite 445, Metairie Louisiana 70005, and (2) 4330 Dumaine Street, New Orleans, Louisiana 70119. (Rec. Docs. 19-2 at 20-21). The first address is identical to the one on her original petition. (Rec. Doc. 1-1 at 4). The original petition was apparently successfully served at that address, since the petition was filed on June 6, 2011, and Defendant filed a Notice of Removal on June 22, 2011. (Rec. Doc. 1). With regard to the amended petition, the summons for the Veterans Boulevard address was returned not executed, indicating that the server had attempted to serve but that the RRS

representative was "not at this address." (Rec. Doc. 19-2 at 20). It appears no attempt was made to serve the summons at the Dumaine address. (Rec. Doc. 19-2 at 21). Plaintiff states that she had learned that her case was no longer in the court in which she had filed her original petition on or about June 24, 2011, when she appeared in "the Jefferson court," "not knowing that the case had been removed," when "[t]he judge informed Plaintiff of the move." (Rec. Doc. 19-2 at 5). She received this news before she attempted to file her amended petition, but given that she is a *pro se* litigant, it is entirely likely that she was unaware that one consequence of "the move" was that she had to file her amended petition in *this* Court and not in the court where she filed her original petition.

According to the Scheduling Order, the deadline for filing amendments to pleadings was September 29, 2011. (Rec. Doc. 5 at 1). However, deadlines may be modified for "good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Court finds that good cause exists here. The failure to serve Defendants with Plaintiff's amended petition was through no fault of Plaintiff's. Furthermore, although Plaintiff filed her amended petition in the wrong court, she nevertheless did so well before the September 29, 2011 deadline in this Court's Scheduling Order. Had Plaintiff had counsel, her Motion to amend her complaint would have been filed as a matter of routine. **Accordingly, the Court will allow Plaintiff to file a Motion to amend her complaint until March 22, 2012, at 4:30 p.m.**

**III. Defendant's Motion to Dismiss or for Summary Judgment**

Assuming, but not deciding, that Plaintiff had once stated a claim for preliminary injunction under the FDCPA, this Court grants Defendant's Motion subject to the conditions described below. The United States Constitution limits federal jurisdiction to "cases" or "controversies." U.S. Const. Art. III, § 2. The case must be live at all stages of the litigation; that a controversy existed in the

past, including the time of filing, is insufficient. *Harris v. City of Houston*, 151 F.3d 186, 189 (5th Cir. 1998). In *Harris*, the court explained that "it is beyond dispute that a request for injunctive relief generally becomes moot upon the happening of the event sought to be enjoined." *Harris*, 151 F.3d at 189.

Plaintiff has shown this Court no evidence that the Defendants' activities that she sought to enjoin are still currently ongoing. She argues that there is a material fact as to the relationship between nonparty Ochsner and Defendant RSS, claiming that Ochsner has been "acting as if it were a party" to the suit, and thus suggesting that an agency relationship exists between Ochsner and Defendant. However even if this allegation were true, it does not create an issue of fact that affects the validity of Plaintiff's claims in this case. The claims were made under the FDCPA and requested Defendant and its agents to cease calling her about her debt, misrepresenting the size of the debt, and selling the debt to other collections agencies. (Rec. Doc. 1-1). Plaintiff never named Ochsner as a defendant, but even if she had, the identity of the defendant has no bearing on whether the complained-of activity is still occurring. Moreover, Plaintiff's *res judicata* argument is not applicable here, since Plaintiff does not allege and nothing in the record suggests that there has been a prior action, let alone a judgment, between the parties to the instant lawsuit. (Rec. Doc. 19-1 at 10). Finally, neither Plaintiff's Affidavit attached to her Opposition to Defendant's Motion to Dismiss or for Summary Judgment nor Plaintiff's Affidavit Regarding Unwarranted Payments put forth evidence suggesting that the complained-of actions have not ceased. (Rec. Docs. 19-2, 24). Instead, they merely repeat allegations and legal arguments made in Plaintiff's previous filings or attempt to bring new claims against Defendant that are not indicated in Plaintiff's complaint or against parties not named in the lawsuit. For instance, Plaintiff makes allegations related to unlawful credit reporting, but she made no credit reporting claim in her complaint; also, she makes allegations

5

against "another collection company" apparently named "Ingram and Associates, LLC" and/or "Ochsner Trust," but neither of these entities are named defendants in the case. (Rec. Doc. 19-2 at 2-3).

In contrast, Defendants have provided evidence that the complained-of activities have ceased. The affidavit by nonparty Ochsner certifies that Ochsner agreed to correct its mistakes, "subject to the Court's approval," in the following three ways:

> a. All of the accounts in the attached exhibits except Devon's account will be submitted by Ochsner to Shirley Muhliesen's federal workers compensation carrier for payment;
> b. The entire amount mistakenly posted by Ochsner to accounts other than the one for Devon which should have been submitted to Shirley Muhliesen's accounts will be credited back toward the outstanding balance on Devon's account, which is $293.40, as of the date of this declaration;
> c. The excess amount posted to Shirley Muhliesen's accounts which should have been submitted by Ochsner to her federal workers compensation carrier above and beyond the amount necessary to satisfy Devon's account ($370.49) will be refunded by Ochsner to Shirley Muhliesen.

(Rec. Doc. 11-1 at 5). In addition, an RSS representative indicated in an affidavit under penalty of perjury that "[n]one of the Shirley Muhliesen Ochsner accounts identified in this declaration are now, or will ever hereafter be the subject of any collection activity by Receivable Recovery Services." (Rec. Doc. 11-2 at ¶ 13). The declaration refers to the same ten (10) accounts referred to in Ochsner's affidavit. (Rec. Doc. 11-2 at ¶ 6, Rec. Doc. 11-1 at ¶ 4). Finally, the proposed Agreed Final Judgent filed by Defendant, which would bind Defendant, nonparty Ochsner, and Plaintiff, if Plaintiff agreed to sign it, further suggests that the activities Plaintiff complains of have stopped. (Rec. Doc. 16 at 2). The proposed agreement is evidence that Ochsner and Defendant has or will fulfill all of Plaintiff's requests in her petition. (Rec. Doc. 16-2). Nevertheless, Defendant has not convinced this Court that they have in fact fulfilled the terms of the Agreed Final Judgment. Thus, the Court grants Defendants' Motion for lack of subject matter jurisdiction under Rule 12(b)(1) subject to Ochsner and RSS verifying by affidavit satisfactory to the Court that they have

fulfilled the terms of the Agreed Final Judgment and providing copies of current credit rating reports on her accounts and other documents supporting their statements in the affidavit.

Accordingly,

IT IS ORDERED that Defendant's Motion to Strike Plaintiff's Affidavit in Opposition to Motion to Dismiss or for Summary Judgment in Defendant's Favor is DENIED. (Rec. Doc. 23).

IT IS FURTHER ORDERED that Defendant's Motion to Strike Plaintiff's Affidavit Regarding Unwarranted Payments is PARTIALLY GRANTED AND PARTIALLY DENIED. (Rec. Doc. 27).

IT IS FURTHER ORDERED Defendant's Motion to Dismiss or for Summary Judgment is GRANTED ON CONDITION that by March 22, 2012, nonparty Ochsner Medical Services and Defendant Receivable Recovery Services verify by affidavit satisfactory to this Court that they have in fact fulfilled the promises made in the Agreed Final Judgment. They shall provide as part of their submission copies of current credit rating reports on Plaintiff's accounts and any other documents they deem to support the statements in the affidavit. (Rec. Doc. 11).

**IT IS FURTHER ORDERED that Plaintiff may file an amended complaint for damages by March 22, 2012, at 4:30 p.m.**

IT IS FURTHER ORDERED that the trial, previously set for April 2, 2012, is hereby CONTINUED, to be reset, along with all pretrial deadlines, with the exception of the deadline in the immediately preceding Order above, at a telephone scheduling conference initiated by the Courtroom Deputy, in the light of the recent developments in this case.

IT IS FURTHER ORDERED that Plaintiff's Motion for Extension of Time to File Pre-Trial

Order is DISMISSED AS MOOT.  (Rec. Doc. 32).

      New Orleans, Louisiana, this 8th day of March, 2012.

                                                  **HELEN G. BERRIGAN**
                                                  **UNITED STATES DISTRICT JUDGE**