**MINUTE ENTRY**
**KNOWLES, M.J.**
**MAY 16, 2012**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHIRLEY MUHLIESEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-1475** |
| **RECEIVABLE RECOVERY SERVICES, L.L.C.** | **SECTION "C" (3)** |

On this date, Defendant Receivable Recovery Services, L.L.C.'s Motion to Compel Production of Plaintiff's Credit Report [Doc. #42], the Motion to Compel Clarification of Scope of Limited Representation of the Plaintiff by Attorney Ian Goldenberg and Any Other Attorneys Providing Undisclosed Assistance to the *Pro Se* Plaintiff [Doc. #45], Plaintiff's Motion for Sanctions and to Restrict Electronic Filing of William Westbrook and Nathan Prescott, Creditors Financial Group, to the pacer.gov Site, Until Such Time as Results of Abuses of Unrestricted Filing Are Cured [Doc. #49], and the Motion to Strike Plaintiffs' Motion [Docket #49] for Sanctions and to Restrict Electronic Filing [Doc. #56] came on for oral hearing before the undersigned. Present were Shirley Muhliesen on behalf of herself and William Westbrook and Nathan Prescott on behalf of defendant. For the reason stated on the record,

**IT IS ORDERED** that Defendant Receivable Recovery Services, L.L.C.'s Motion to Compel

MJSTAR(00:16)

Production of Plaintiff's Credit Report [Doc. #42] is GRANTED to the extent that plaintiff shall produce to defendant the three copies of her credit report in her possession.  Defendant shall reimburse plaintiff the $39.00 expended to obtain the three reports.  Plaintiff shall redact any personal identifying information from the credit reports that she wishes to remain confidential.

**IT IS FURTHER ORDERED** that the Motion to Compel Clarification of Scope of Limited Representation of the Plaintiff by Attorney Ian Goldenberg and Any Other Attorneys Providing Undisclosed Assistance to the *Pro Se* Plaintiff [Doc. #45] is GRANTED.  At the oral hearing, plaintiff clarified that Ian Goldenberg represents her only to the extent that she has engaged him to discuss a settlement with defendant and does not ghostwrite her pleadings.  Plaintiff also clarified that no other attorney ghostwrites her pleading.

"Ghost-writing by an attorney of a "pro se" plaintiff's pleadings has been condemned as both unethical and a deliberate evasion of the responsibilities imposed on attorneys by Federal Rule of Civil Procedure 11."  *Johnson v. Bd. of County Comm'rs*, 868 F. Supp. 1226, 1231-32 (D. Colo. 1994), *aff'd as modified*, 85 F.3d 489 (10th Cir. 1996); *Clarke v. United States*, 955 F. Supp. 593, 598 (E.D. Va. 1997), *rev'd on other grounds*, 162 F.3d 1156 (4th Cir. 1998).  Accordingly, this opinion serves as a warning to *any* attorney that ghostwriting may be both unethical and contemptuous.  *Johnson*, 868 F. Supp. at 1232.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions and to Restrict Electronic Filing of William Westbrook and Nathan Prescott, Creditors Financial Group, to the pacer.gov Site, Until Such Time as Results of Abuses of Unrestricted Filing Are Cured [Doc. #49] is DENIED and defendant's Motion to Strike Plaintiffs' Motion [Docket #49] for Sanctions and to Restrict Electronic Filing [Doc. #56] is GRANTED.  Plaintiff failed to provide defendant with the

21-days notice under Federal Rule of Civil Procedure 11(c)(2).  Had the Court considered the motion on the merits, the Court would have denied plaintiff's motion in any event.  The Court finds no sanctionable conduct here on the part of defendant.

    New Orleans, Louisiana, this 16th day of May, 2012.

                                      **DANIEL E. KNOWLES, III**
                                      **UNITED STATES MAGISTRATE JUDGE**