# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHIRLEY MUHLIESEN, INDIVIDUALLY AND ON BEHALF OF THE MINOR CHILD, DEVON MUHLEISEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-1475** |
| **RECEIVABLE RECOVERY SERVICES, LLC** | **SECTION "C" (3)** |

## ORDER & REASONS

Before the Court are five Motions filed by Defendant: (1) Motion to Reconsider Order [#33] (Rec. Doc. 35); (2) Motion to Strike Amended Complaint (Rec. Doc. 38); (3) Motion to Disqualify Shirley Muhleisen, a Non-Lawyer, from Representing Devon Muhleisen (Rec. Doc. 53); (4) Motion to Require Shirley Muhleisen, a Non-Lawyer, to Obtain Counsel (Rec. Doc. 54); and (5) Supplemental Motion to Disqualify Shirley Muhleisen from Representing Her Son (Rec. Doc. 68).

Having reviewed the record, the memoranda of Defendant's counsel and pro se Plaintiff, and the law, the Court GRANTS the Motion to Reconsider Order [#33], GRANTS the Motion to Strike Amended Complaint, and DISMISSES AS MOOT the Motion to Disqualify Shirley Muleisen, a Non-Lawyer, from Representing Devon Muhleisen, the Motion to Require Shirley Muhleisen, a Non-Lawyer, to Obtain Counsel, and the Supplemental Motion to Disqualify Shirley Muhleisen from Representing Her Son.

# I. BACKGROUND

Plaintiff sued Defendant Receivable Recovery Services, LLC ("RRS") in the 24th Judicial District Court of Jefferson Parish[1] on June 13, 2011, Civil Action #702-320-Div B ("*Muhleisen I*") requesting a preliminary injunction preventing Defendant and its agents "from contacting plaintiff and from any further activity, including selling this debt to any other collections agency," on the ground that such activity violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a ("FDCPA") and the Louisiana Unfair Trade Practices Act, LA R.S. 51:1401, *et seq.* ("LUPTA"). (Rec. Doc. 1-1 at ¶¶ 4, 5, and 9). The case was removed on June 22, 2011 to this Court. (Rec. Doc. 1).

Plaintiff claims that on July 1, 2011, she filed an "amended petition" requesting consequential damages for the same violations. (Rec. Doc. 19 at 4, Rec. Doc. 19-2 at 18-19). This filing was also made in the 24th Judicial District Court of Jefferson Parish, but it was a filed as a new action, Civil Action #703-401-Div J (*"Muhleisen II*), in front of a new Judge, and not as part of the initial action. Plaintiff has acknowledged that she received actual notice that *Muhleisen I* was removed to this Court on or about June 24, 2011, when she appeared in "the Jefferson court," "not knowing that the case had been removed," when "[t]he judge informed Plaintiff of the move." (Rec. Doc. 19-2 at 5). Yet six days later, she nevertheless filed what she terms her "amended petition" (but which was in fact a new law suit) in the 24th Judicial District Court of Jefferson Parish.

As stated in the Court's March 8, 2012 Order, according to an affidavit by Ochsner Medical Services, Plaintiff formerly owed two sets of debts to Ochsner Medical Services. (Rec. Doc. 11-1). One comprised hospital bills at a hospital that has since been acquired by Ochsner Medical Services. Ochsner mistakenly failed to submit these bills to Plaintiff's federal workers compensation carrier.

---

[1] In its March 8, 2012 Order, the Court mistakenly stated that this suit was filed in the *34th* Judicial District Court for the Parish of Jefferson.

The second debt is a single bill for treatment Plaintiff's son Devon Muhleisen. The two groups of debt were assigned to Defendant for collection. Plaintiff alleged in her Complaint that the amounts RSS was attempting to collect were "five times" more than what she owed for the first set of debt and "three times" more what she owed for the second debt. (Rec. Doc. 1-1 at ¶¶ 7, 8). She alleged that these misrepresentations and RSS's action in "calling her constantly" to collect these amounts violated the FDCPA and LUPTA. (Rec. Doc. 1-1 at ¶ 9). Plaintiff has since withdrawn her LUPTA claim. (Rec. Doc. 19 at 1).

In the Court's March 8, 2012 Order, the Court extended Plaintiff's deadline for filing an amended complaint, which was September 29, 2012, to March 22, 2012. Plaintiff filed an Amended Complaint on March 22, 2012, demanding damages for the violations described in her original complaint for injunctive relief. (Rec. Doc. 37).

## II. LAW & ANALYSIS

### A. Motion to Reconsider Order [#33] & Motion to Strike Amended Complaint

In their Motion, Defendants first ask that the Court reconsider its decision to grant Plaintiff an extension for filing an amended complaint, and second, that the Court dismiss Plaintiff's original complaint.

Although the Federal Rules of Civil Procedure do not formally recognize a "Motion for Reconsideration," the courts have developed an approach to evaluate such a motion. The Court first considers which of two federal rules governs the motion. *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167 (5th Cir. 1990). The Fifth Circuit treats a motion for reconsideration as "either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b)." *Id.* at 173. In particular, "if the motion is served within ten (10) days of rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)."

*Id.* Defendants' Motion was filed less than ten (10) days after the Court's March 8, 2012 Order which for which they seek reconsideration. (Rec. Doc. 33, 35). Accordingly, the Motion is treated as a Rule 59(e) motion to alter or amend.

Alteration or amendment of a previous ruling under Rule 59(e) "'calls into question the correctness of the judgment.'" *Tremplet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004)(quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). This motion serves the "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F. 2d 468, 473 (5th Cir. 1989) (internal quotations omitted). It may also be used to prevent manifest injustice. *Flynn v. Terrebonne Parish School Bd.*, 348 F. Supp. 2d 769, 771 (E.D. La. 2004). As such, it must be used sparingly. *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000).

According to the Scheduling Order, the deadline for filing amended complaints was September 29, 2011. (Rec. Doc. 5 at 1). Plaintiff never moved to file an amended complaint, and no amended complaint was ever filed into the record prior to the Court's March 8, 2012 Order. Upon reconsideration, the Court finds that good cause did not exist for extending the deadline for filing amended complaints from September 29, 2011 to March 22, 2012, when Plaintiff filed her Amended Complaint in this case. (Rec. Doc. 37). Courts should show leniency to pro se litigants. Indeed, this Court has done so, by continuing the submission date of Defendants' Motion to Dismiss or for Summary Judgment (Rec. Doc. 11), which was on February 15, 2012, until March 2, 2012, to allow Plaintiff to digest Defendant's Agreed Final Judgment filed on February 15, 2012 and determine whether she wished to negotiate a settlement with Defendant or proceed to trial. (Rec. Doc. 20). However, courts should not add claims to a complaint as this would seriously prejudice parties against whom the complaint was brought. It was error for the Court to do so. In the Court's

4

March 8, 2012 Order, the Court indicated that Plaintiff knew, when she filed what she terms her "amended petition," that *Muhliesen I* was no longer in the 24th Judicial District Court of Jefferson Parish, and that *Muhliesen I* had been removed to federal court. The Court reasoned that, nevertheless, "given that [Plaintiff] is a *pro se* litigant, it is entirely likely that she was unaware that one consequence of "the move" was that she had to file her amended petition in *this* Court and not in the court where she filed her original petition." (Rec. Doc. 33 at 4). Now, in their Motion for Reconsideration, Defendants have provided the Court with a clearer record of the procedural history in this case, including a Declaration under Penalty of Perjury, which authenticates relevant parts of the state court filings in *Muhleisen I* and *Muhleisen II*. This evidence clarifies that Plaintiff was or should have been aware that she was filing a new case, with a new case number, before a different judge (although in the same state court). Combined with her admission that when she filed *Muhleisen II*, she had actual knowledge that *Muhleisen I* had been removed to federal Court, this evidence demonstrates that reconsideration of the Court's decision to permit Plaintiff to file an amended complaint for damages is warranted. Thus, the Court grants Defendant's Motion to Strike Amended Complaint. (Rec. Doc. 38). Accordingly, Plaintiff's original petition, which asks only for injunctive relief, and not damages, is the sole basis for Plaintiff's claims in this case.

The Court affirms its finding in the March 8, 2012 Order that any request for injunctive relief by Plaintiff is now moot for the reasons stated in that Order. (Rec. Doc. 33 at 4-7). This decision has been further bolstered by Defendants' submission, in compliance with the Court's March 8, 2012 Order, of documents certifying that Defendants have met the promises they made in their Agreed Final Judgment. (Rec. Doc. 36). In particular, the Court stated:

> IT IS FURTHER ORDERED that Defendants' Motion to Dismiss or for Summary Judgment is GRANTED ON CONDITION that by March 22, 2012, nonparty Oschner Medical Services and Defendant Receivable Recovery Services verify by affidavit satisfactory to this Court that they have in fact fulfilled the promises made in the Agreed Final Judgment. They shall provide as part of their

5

submission copies of current credit rating reports on Plaintiff's accounts and any other documents they deem to support the statements in the affidavit.

(Rec. Doc. 33 at 7). Having reviewed Defendants' filing, the Court is satisfied that they have fulfilled the promises in the Agreed Final Judgment. Accordingly, Plaintiff's Complaint is dismissed.

**B. Motion to Disqualify Shirley Muhleisen, a Non-Lawyer, from Representing Devon Muhleisen; Motion to Require Shirley Muhleisen, a Non-Lawyer, to Obtain Counsel & Supplemental Motion to Disqualify Shirley Muhleisen from Representing Her Son**

These Motions are denied as moot given that the Court is dismissing Plaintiff's complaint entirely.

Accordingly,

IT IS ORDERED that the Motion to Reconsider Order [#33] is GRANTED, (Rec. Doc. 35), and thus Plaintiff's Complaint is DISMISSED.

IT IS FURTHER ORDERED that the Motion to Strike Amended Complaint is GRANTED. (Rec. Doc. 38).

IT IS FURTHER ORDERED that the Motion to Disqualify Shirley Muhleisen, a Non-Lawyer, from Representing Devon Muhleisen is DENIED AS MOOT. (Rec. Doc. 53).

IT IS FURTHER ORDERED that the Motion to Require Shirley Muhleisen, a Non-Lawyer, to Obtain Counsel is DENIED AS MOOT. (Rec. Doc. 54).

IT IS FURTHER ORDERED that the Supplemental Motion to Disqualify Shirley Muhleisen from Representing Her Son is DENIED AS MOOT. (Rec. Doc. 68).

New Orleans, Louisiana, this 20th day of July, 2012.

**HELEN G. BERRIGAN**
UNITED STATES DISTRICT JUDGE