UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHIRLEY MUHLIESEN, INDIVIDUALLY AND ON BEHALF OF THE MINOR CHILD, DEVON MUHLEISEN | CIVIL ACTION |
| VERSUS | NO. 11-1475 |
| RECEIVABLE RECOVERY SERVICES, LLC | SECTION "C" (3) |

### ORDER & REASONS[1]

Before the Court are Defendants' Motion to Vacate Service of Process and to Declare Void Ab Initio a State Court Action Initiated by Plaintiff After Removal of the Case at Bar. Rec. Doc. 34. Having reviewed the memoranda of counsel, the record, and the law, the Motion to Vacate Service of Process and to Declare Void Ab Initio is GRANTED for the following reasons.

### I. BACKGROUND

The facts of this case are discussed in this Court's July 20, 2012 Order and Reasons and are summarized as follows. Rec. Doc. 87. Plaintiff sued Defendant in the 24th Judicial District Court of Jefferson Parish on June 13, 2011, Civil Action #702-320-Div B ("*Muhleisen I*")

---

[1] Jason A. Danowsky, a second-year student at the University of Texas School of Law, assisted in the preparation of this Order & Reasons.

1

requesting a preliminary injunction against Defendant and its agents. Rec. Doc. 1-1 at ¶¶ 4, 5, and 9. The case was removed on June 22, 2011 to this Court. Rec. Doc. 1.

Plaintiff claims that on July 1, 2011, she filed an "amended petition" requesting consequential damages for the same violations. Rec. Doc. 19 at 4, Rec. Doc. 19-2 at 18-19. This filing was made in the 24th Judicial District Court of Jefferson Parish, but it was filed as a new action, Civil Action #703-401-Div J ("*Muhleisen II*"), in front of a new judge and not as part of the initial action. Plaintiff has acknowledged that she received actual notice that *Muhleisen I* was removed to this Court on or about June 24, 2011, when she appeared in "the Jefferson court," "not knowing the case had been removed," when "[t]he judge informed Plaintiff of the move." Rec. Doc. 19-2 at 5. Yet six days later, she nevertheless filed what she terms her "amended petition" (but which was in fact a new law suit) in the 24th Judicial District Court of Jefferson Parish. Defendant now attempts to quash the state court citation and declare void ab initio the Plaintiff's petition for damages. Rec. Doc. 34 at 1.

## II. LAW

Federal courts may not enjoin state proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C.A. § 2283. These exceptions "should not be enlarged by loose statutory construction." *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 287 (1970).

Removal is among the "expressly authorized" exceptions to the general prohibition against enjoining state proceedings. *Vendo Co. v. Lektro-Vend Corp*, 433 U.S. 623, 640 (1977). The third exception, also known as the "relitigation exception," requires that (1) parties in the later action must be identical to or in privity with the parties in the previous action; (2) judgment

in the prior action must have been rendered by a court of competent jurisdiction; (3) the prior action must have concluded with a final judgment on the merits; and (4) the same claim or cause of action must be involved in both suits. *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 273 (5th Cir. 2009).

### III. ANALYSIS

Defendant argues that this Court should dismiss *Muhliesen II* under the first exception to the prohibition against enjoining state proceedings. After removal, a second suit brought in state court can be enjoined only if it is brought fraudulently in "an attempt to subvert the purposes of the removal statute." *Frith v. Blazon-Flexible Flyer, Inc.*, 512 F.2d 899, 901 (5th Cir. 1975). While it is clear that Plaintiff inappropriately filed *Muhliesen II* in state court after *Muhliesen I*, it is not clear that Plaintiff did so in "an attempt to subvert" this Court's jurisdiction. There is no evidence in the record that Plaintiff *intentionally* attempted to frustrate this Court's jurisdiction by filing *Muhliesen II* in state court. Even if Plaintiff knew or should have known that she should have filed *Muhliesen II* in this Court, because she is a *pro se* litigant, it is possible that the Plaintiff did so in error or confusion. Because Defendant cannot establish that Plaintiff brought the second suit in an attempt to subvert the purposes of the removal statute, this Court cannot not enjoin the state court proceedings under *Frith*.

However, the relitigation exception applies here, as the standards of *Moore* have been met. There is no dispute that the parties in both *Muhleisen I* and *Muhleisen II* are the same as the same parties appear on both complaints. Rec. Doc. 1-1 at 1-3; Rec. Doc. 19-2 at 17-19. There is no dispute that the same claim was involved in both *Muhleisen I* and *Muhleisen II* as the same allegations appear on both complaints Rec. Doc. 1-1 at 1-3; Rec. Doc. 19-2 at 17-19. The prior action has been resolved by a court of competent jurisdiction and concluded with a final

judgment on the merits. This Court has done so. Rec. Docs. 87, 88. Thus, this Court has the authority to enjoin the state court proceedings under the relitigation exception.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that the Motion to Vacate Service of Process and to Declare Void Ab Initio a State Court Action Initiated by Plaintiff After Removal of the Case at Bar is GRANTED. Rec. Doc. 34.

New Orleans, Louisiana, this 25th day of July, 2012.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**